UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE STANLEY STEEMER DATA BREACH LITIGATION | : : | Case No. 2:23-cv-3932 Chief Judge Sarah D. Morrison Magistrate Judge Elizabeth P. Deavers |

ORDER
GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is now before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Motion for Attorney's Fees, Expenses, and Class Representative Service Awards. (ECF Nos. 52, 53.) On May 27, 2025, the Court held a fairness hearing on the Motions. For the reasons below, both Motions are **GRANTED.**

**WHEREAS**, a consolidated class action is pending in this Court entitled *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-3932-SDM-EDP[1];

**WHEREAS**, Plaintiffs Marc Huber and Phillip Seabrook, individually and on behalf of all others similarly situated and Defendant Stanley Steemer International, Inc. have entered into a Settlement Agreement that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above captioned action on the terms and

---

[1] There are two other pending member cases before the Court: Case Nos. 2:23-cv-4053 and 2:23-cv-4255.

conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS**, by Order dated January 27, 2025, this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class, the Employee Subclass and the Customer Subclass solely for purposes of effectuating the Settlement; (c) appointed Plaintiffs as Class Representatives; (d) appointed Class Counsel as counsel for the Settlement Class; (e) appointed Epiq Class Action & Claims Solutions as Settlement Administrator; (f) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (g) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (h) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, no Class Members submitted objections;

**WHEREAS**, four Class Members submitted Requests for Exclusion;

**WHEREAS**, the Court conducted a hearing on May 27, 2025, to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class

Representatives' motion for Service Award Payment(s) should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **<u>Jurisdiction</u>**: This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **<u>Incorporation of Settlement Documents</u>**: This Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on December 19, 2024; and (b) the Notice documents filed with the Court on December 19, 2024.

3. **<u>Class Certification for Settlement Purposes</u>**: The Court affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendant that their personal information was or may have been compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and

members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline who are identified in Exhibit A. The Court further affirms its determinations in the Preliminary Approval Order certifying, for the purposes of Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Employee Subclass defined as members of the Settlement Class who are/were employees of Stanley Steemer, and a Customer Subclass defined as members of the Settlement Class who are/were customers of Stanley Steemer.

4. **Adequacy of Representation**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court affirms its determinations in the Preliminary Approval Order certifying Plaintiffs and Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice**: The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted

the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payment(s), (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payment(s), (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

7. Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorney's fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

8. **Binding Effect**: The terms of the Settlement Agreement and this Order shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases**: The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

10. Notwithstanding Paragraph 9 above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

11. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of

Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

12. **No Admissions**: This Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

13. **Retention of Jurisdiction**: Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for a Service Award Payment(s); and (e) the Settlement Class Members for all matters relating to the Action.

14. **Attorney's Fees**: Class Counsel has requested attorney's fees in the amount of $233,333.33 and reimbursement of costs and expenses of $13,646.78. The Court finds that Class Counsel's fee request is reasonable under the circumstances in this case and in light of the value of the Settlement benefits made available to the Class. Accordingly, Class Counsel Class Counsel's request for attorney's fees and costs and expenses is approved.

15. **Service Award**: Plaintiffs further request Class Representative Service Awards in the amount of $8,000.00 ($4,000.00 to each of the two Class Representatives). The Class Representatives adequately represented the Class's

7

interests in this matter by staying informed throughout the litigation and thoroughly reviewing and approving the terms of the Settlement. The requested Service Awards are reasonable. Accordingly, the Court approves the Service Awards to Plaintiffs Marc Huber and Phillip Seabrook.

16. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of December 18, 2024, as provided in the Settlement Agreement.

18. **Settlement Timeline**: All members of the Class and Subclasses who have Valid Claims and thus entitled to Settlement Payments shall have their

payments issued to them promptly under the remaining portion of the Settlement Timeline:

| **Final Approval** | |
|---|---|
| Effective Date | + one (1) day from Final Approval Order |
| Payment deadline; including payment of Class Representatives' Service Awards; Payment of Attorney's Fees and Expenses; payment of Approved Claim; and any subsequent Settlement Administration Costs and Expenses | + thirty (30) days from the Effective Date |

19. **Entry of Judgment**: There is no just reason for delay of entry of this Order as a final judgment in this Action. Accordingly, the Clerk of the Court is directed to enter Judgment and terminate this Action and the other member cases.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

# EXHIBIT A

1. Christopher W. Morris
2. Deshaunte T. Selby
3. James E. Gunter
4. Stephen W. Shupe